IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FELIPE RUIZ,<br>Debtor. | Case No. 1:26-mc-00074-NONE-FJS<br><br>FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(ECF No. 1)<br><br><u>FOURTEEN (14) DAY DEADLINE</u><br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>Criminal Case No. 1:25-CR-0079-JLT-SAB |
| THE VANGUARD GROUP, INC., VANGUARD BROKERAGE SERVICES, and VANGUARD MARKETING CORPORATION,<br>Garnishees. | |

## I. BACKGROUND

Currently pending before the court is the United States' request for findings and recommendations regarding issuance of a final garnishment order of continuing garnishment ("the application") against the non-exempt property and accounts of Felipe Ruiz ("Defendant"). This matter was referred to the undersigned pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 302(c)(7).

On April 13, 2026, Defendant was sentenced in criminal case number 1:25-CR-00079-JLT-SAB, and ordered to pay a statutory assessment of $100.00 and restitution of $2,264,735.42 ("Judgment

Amount"). *See United States v. Felipe Ruiz,* Case No. 1:25-CR-00079-JLT-SAB, ECF No. 113. According to the United States of America, as of July 13, 2026, Defendant still owes restitution in the amount of $2,264,735.42. No interest is accruing on the debt.

On July 13, 2026, in an attempt to collect the judgment amount, the United States filed an application for a writ of garnishment against all property held by The Vanguard Group Inc, Vanguard Brokerage Services, and Vanguard Marketing Corporation ("Garnishees") in which Defendant has an interest. (ECF No. 1.) The United States subsequently served Garnishees with a copy of the writ and related documents. (ECF No. 4.) The United States also served a copy of the writ and related documents on Defendant. (*See* ECF No. 5) The documents served on Defendant advised that, among other things, Defendant has a right to claim exemptions to garnishment and request a hearing on the claims, request a hearing to quash the writ, and/or object to the Garnishees' answer (ECF No. 8) and request a hearing thereon. (ECF No. 5.)

Garnishee Vanguard Group, Inc., on behalf of itself and its subsidiary Vanguard Marketing Corporation ("VMC") d/b/a as Vanguard Brokerage Services, filed an acknowledgement of service and its answer on July 24, 2026. (*See* ECF No. 8.) Garnishees indicated that they have possession, custody, or control of the following accounts in which Defendant maintains an interest:

- Individual Brokerage Account with a balance of $166,462.99; and
- Rollover IRA Brokerage Account with a balance of $253,694.87; and
- Roth IRA Brokerage Account with a balance of $229,522.50

(*See* ECF No. 8 at 2.) This answer was served on both the United States and Defendant on or about July 24, 2026. (*Id.* at 3.)

The United States now seeks a final order of continuing garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act, 28 U.S.C. §§ 3001, et seq., against Defendant's property from the Garnishee. (ECF No. 9.)

II. <u>DISCUSSION</u>

Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3363A, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the Federal Debt Collections Procedure Act. *United*

*States v. Mays*, 430 F.3d 963, 965 n.2 (9th Cir. 2005). The Federal Debt Collections Procedure Act "sets forth the 'exclusive civil procedures for the United States … to recover a judgment on … an amount that is owing to the United States on account of … restitution.'" *Id.* at 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). Pursuant to the Federal Debt Collections Procedure Act the court may "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Before a court may issue a writ of garnishment, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. §§ 3202(b)–(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, during which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

The Ninth Circuit has previously held that criminal restitution orders may be enforced by garnishing retirement funds. *See United States v. Novak,* 476 F.3d 1041, 1043 (9th Cir. 2007), *cited in United States v. Gould*, No. 25-mc-66-JLT-EPG, 2025 WL 2812035, at *3 (E.D. Cal. Oct. 3, 2025), *report and recommendation adopted at* 2025 WL 3111002 (E.D. Cal. Nov. 6, 2025). Accordingly, the court finds that Defendant's property is subject to garnishment. *Cf. Gould*, 2025 WL 2812035, at *3 (denying motion to quash writ of continuing garnishment for assets held in an IRA, among others); 28 U.S.C. § 3205(a). The documents served on Defendant outlined Defendant's right to claim exemptions and request a hearing on Defendant's claims, request a hearing to oppose the writ, and object to the answer and request a hearing. *Id.* Defendant was further advised of the applicable deadlines for exercising these rights under the Federal Debt Collections Procedure Act. *Id.* Neither Defendant nor any

other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Because no hearing was requested during the applicable time period, the court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's nonexempt interest in the identified property. 28 U.S.C. § 3205(c)(7).

## III. ORDER AND RECOMMENDATIONS

For the reasons outlined above, the court HEREBY ORDERS the following:

(1) The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED;

(2) Garnishees The Vanguard Group Inc, Vanguard Brokerage Services and/or Vanguard Marketing Corporation be directed to pay the Clerk of the United States District Court all of the funds held by Garnishee in which Debtor has an interest within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

Office of the Clerk
501 I St., Rm. 4-200
Sacramento, CA 95814

The criminal docket number (1:25-CR-00079) shall be stated on the payment instrument;

(3) The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

(4) The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **November 13, 2026**

UNITED STATES MAGISTRATE JUDGE